VICENTE L. GIMÉNEZ, Petitioner and Appellant, *v.* MUNICIPAL COURT OF SAN JUAN, THIRD SECTION, VICTORIANO M. FERNÁNDEZ, JUDGE, Respondent and Appellee.

No. 8294. Argued February 3, 1941.—Decided February 14, 1941.

*Víctor Rivera Colón,* for appellant. *Dubón & Ochoteco,* for Méndez & Co., *S. en C.,* intervener.

MR. JUSTICE TRAVIESO delivered the opinion of the Court.

The intervener appellee requests the dismissal of this appeal, because of its frivolity, and asks this Court to fine the petitioner appellant in costs because of his stubborness in filing said appeal. Let us first examine the facts.

Fructuoso Vázquez began an unlawful detainer action in the Municipal Court of San Juan against Vicente L. Giménez, the petitioner and appellant. After the summons which was

issued for the first appearance of the parties had been attacked and after a motion to set aside the judgment on default rendered in said case had been filed, the municipal court summoned the parties to appear before it on January 11, 1940, that is, on Eugenio María de Hostos Day, a legal holiday. None of the parties appeared in that day as the court was not in session. Petitioner alleges that on the following day, January 12, 1940, without new summons to the parties, the hearing of the motions was held and the court rendered judgment against defendant Vicente L. Giménez, ordering his ejectment. Giménez appealed to the District Court of San Juan.

On May 18, 1940, Giménez filed before said district court a petition for a writ of certiorari, in which he alleged that the Municipal Court of San Juan had committed a procedural error, to wit:

1. Because having inadvertently summoned the parties to appear before it on a holiday, it should have corrected the error by issuing a new order and notifying the parties anew, thereby giving him an opportunity to a day in court.

2. Because when the original plaintiff, Fructuoso Vázquez, who had appeared as attorney-in-fact, died while the case was pending on appeal before the district court, and beyond the jurisdiction of the municipal court, the latter ordered that said plaintiff should be substituted by a person who was neither the owner, the usufructuary, the successor in interest or a person with any right to the house in controversy, said order having been issued without hearing or notifying the petitioner.

After the writ had been issued and the parties heard, the lower court, on July 3, 1940, rendered judgment annulling the writ issued and denying the petition. Petitioner then filed the instant appeal.

We agree with appellee that this appeal is clearly frivolous.

 The lower court, after considering the original documents brought before it from the municipal court, held the following facts to have been proven:

"That on December 15, 1939, there was filed in the Municipal Court of San Juan (Third Section), by Fructuoso Vázquez, as manager of a real property belonging to the heirs of Córdova, an unlawful detainer action against the here petitioner, who was notified of the complaint the same day that it was filed, and the court rendered judgment for plaintiff on December 22, 1939, a judgment which was notified to the petitioner on the 29th of the same month and year; that on December 22, 1939, petitioner filed a motion requesting the court to set aside the judgment rendered against him, because the court had acted without jurisdiction, as he had not been summoned; that the court set the date of January 11, 1940, to hear the parties with respect to this motion, having later transferred the hearing, after notification by the clerk to both parties, to January 12, 1940, at two o'clock in the afternoon, as the day set originally was a legal holiday (see the order of the municipal court of January 12, 1940); that on said date, January 12, the plaintiff, his attorney and Narciso Birmark, the person who served summons appeared in court, but the defendant did not appear personally or through an attorney; that on January 18, 1940, defendant appealed to this court from the judgment which had been rendered against him and notified on December 29, 1939, an appeal which was dismissed by this court on April 18, 1940; that on April 30, 1940, the court, on plaintiff's motion, permitted the plaintiff, Fructuoso Vázquez to be substituted by Méndez & Compañía, as well as that the proceeding should continue in the name of Méndez & Compañía in substitution of and as the sucessor of the previous plaintiff who had died."

As it can be seen, the record of the case and the facts proven do not uphold the alleged commission of the first error with which the municipal court is charged. On the contrary the record clearly reveals that the court corrected its error setting the case for trial anew and notifying the defendant Giménez in due time.

Neither has the commission of the second alleged error been proven. The appeal filed by the defendant Giménez against the judgment of unlawful detainer was dismissed by the district court on April 18, 1940. The substitution of Vázquez, the deceased administrator of the heirs of Salgado

Córdova, the owners of the house object of the unlawful detainer suit, by Méndez & Compañía, the new administrator of the property, was decreed by the municipal court on April 30, 1940, when that court had already acquired jurisdiction of the case by virtue of the dismissal of the appeal and the affirmance of the judgment.

As the original plaintiff, Fructuoso Vázquez, had filed suit in unlawful detainer in his representative capacity as administrator of the property, the district court did not err in holding that the municipal court proceeded correctly in approving the substitution of the deceased administrator by the new administrator appointed by the owner of the property. It is the new administrator—and not the legal representatives of the deceased—who must substitute the latter as plaintiff. 1 Bancroft's Code Practice & Remedies, pp. 667, 668, paragraphs 448 and 449; Section 69 of the Code of Civil Procedure; *Ramírez* v. *District Court,* 49 P.R.R. 128.

The first alleged error was submitted to the consideration of this Court and decided against the petitioner appellant. *Giménez* v. *Court,* 56 P.R.R. ——.

■ We agree with the lower court that the certiorari proceeding filed by the petitioner appellant had no other purpose than to delay and hinder the execution of the judgment of unlawful detainer; and with the appellee that this has been the purpose of the appellant in filing an appeal which is clearly frivolous.

For the aforesaid reasons and considering that petitioner-appellant's stubborness has been evident in filing a frivolous appeal which has no merit whatsoever, the judgment appealed from must be affirmed and the appellant is fined the costs of this appeal plus an amount of $100 as attorney's fees of the appellee.